UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Criminal No. 14-00273(1) (SRN/LIB) |
| **Plaintiff-Respondent,** | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **Denio Jon Delcaro,** | |
| **Defendant–Petitioner**. | |

_____

Julie E. Allyn, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Plaintiff-Respondent

Denio Jon Delcaro, Reg. No. 18162-041 Federal Correctional Inst. Elkton, P.O. Box 10, Lisbon, Ohio 44432, Pro Se

_____

SUSAN RICHARD NELSON, District Judge

This matter is before the undersigned United States District Judge on Defendant–Petitioner Denio Jon Delcaro's pro se motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. No. 75]  The Government opposes Defendant–Petitioner's motion. (Govt.'s Opp'n Mem. [Doc. No. 79].)  Based on a review of the file, record and proceedings therein, and for the reasons set forth below, the Court denies the motion.

I.   BACKGROUND

On August 18, 2014, Defendant–Petitioner was charged in a two-count indictment

1

with one other defendant on drug conspiracy-related charges. (Indictment [Doc. No. 1].) Following a change of plea on February 18, 2015, on August 26, 2015, Defendant–Petitioner was sentenced to 36 months of imprisonment followed by three years of supervised release on a single count of conspiracy to distribute and possess with intent to distribute Oxycodone. (Sentencing J. [Doc. No. 67].)

Defendant–Petitioner did not file a direct appeal to the Eighth Circuit Court of Appeals, and his conviction became final on September 9, 2015. On October 12, 2016, Defendant–Petitioner filed a motion under 28 U.S.C. § 2255 to set aside, vacate, or correct his sentence. (*Pro Se* Mot. to Correct under 28 U.S.C. § 2255.)

## II.   DISCUSSION

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

While § 2255 generally affords relief, it is only available in limited circumstances. The Eighth Circuit has held that:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir.1996) (citation omitted). Petitioner bears the burden of proof as to each ground for relief. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969).

In essence, Delcaro claims that he qualifies for a minor role reduction by two to four levels under U.S.S.G. § 3B1.2 pursuant to U.S.S.G. App. C. Amendment 794, ("The Guidelines Amendment"), arguing that this amendment is retroactive and would materially reduce the duration of his sentence.   (*Pro Se* Mot. to Vacate under 28 U.S.C. § 2255 at 1.) Specifically, he argues that he qualifies for a sentence reduction based on the change in language in the Guidelines Amendment regarding a defendant's lesser role in the charged activity.[1]

### A.   Timeliness

A one-year statute of limitations applies to Section 2255 motions, which runs from the latest of:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme

---

[1] The drafters of Amendment 794 state that the previous language in the Guidelines "may have had the unintended effect of discouraging courts from applying the mitigating role adjustment in otherwise appropriate circumstances." Therefore, the language was changed to, "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered [for the reduction]." Moreover, "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative."   U.S.S.G. App. C. Amend. 794.

3

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the triggering event was the date on which the judgment of conviction became final. *Id.* § 2255(f)(1). On August 26, 2015, this Court entered Defendant–Petitioner's sentencing judgment. (Sentencing J. at 1.) Defendant–Petitioner had fourteen days, or until September 9, 2015, to file a direct appeal, which he did not do. *See* Fed. R. App. P. 4b)(1)(A)(i). Defendant–Petitioner's conviction became final on September 9, 2015—the date on which the statute of limitations on filing a Section 2255 motion began to run. But Defendant–Petitioner did not mail his Section 2255 motion until October 12, 2016, which was 33 days after the one-year limitations period had passed. (Doc. 73 at 2.) Moreover, none of the alternate triggering events under § 2255(f)(2–4) are present in this case. Although Defendant–Petitioner invokes *United States v. Quintero-Leyva,* 823 F.3d 519 (9th Cir. 2016) in his motion, that case does not trigger a new start date for the statute of limitations under § 2255(f)(3) because it is not a Supreme Court decision.[2] For these reasons, Defendant–Petitioner's Section 2255 motion is time-barred.

---

[2] Furthermore, even if *Quintero–Levya* were applicable here, the Ninth Circuit in that case considered only whether the Guidelines should be applied retroactively to cases on direct appeal. *Id.* at 522-23. This case is not on direct appeal, and therefore *Quintero–Levya* would not trigger § 2255(f)(3) even if it had been a Supreme Court decision.

**B.     Merits**

Even if the motion were not time-barred, it would still fail on the merits. Defendant–Petitioner argues that he was sentenced improperly to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission. Such a motion, however, is a claim under 18 U.S.C. § 3852(c), not § 2255.[3]

Although Defendant–Petitioner has not made a motion under 18 U.S.C. § 3852(c), the Court nevertheless considers whether such a motion would have merit. Defendant–Petitioner cites the Guidelines as authorizing a retroactive sentence reduction on a discretionary basis by the sentencing judge. However, a reduction in a defendant's term of imprisonment as the result of an amended guideline range is not authorized under Section 3852(c) unless U.S.S.G. § 1B1.10(d) explicitly covers the amendment. *See* U.S.S.G. § 1B1.10(a)(2)(A). Amendment 794 of the Sentencing Guidelines is not among the covered amendments, and is consequently not retroactively available as a basis upon which Defendant–Petitioner may seek collateral relief.

Absent a retroactive basis for relief, Defendant–Petitioner must show that the Court's original guideline interpretation constituted a complete miscarriage of justice.

---

[3] Section 3852 provides: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(2) (internal citations omitted).

5

*Hill v. United States*, 368 U.S. 424, 428.   Such a miscarriage occurs under § 2255 when a sentence is imposed without, or in excess of, statutory authority.   *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc).   In the instant case, Defendant–Petitioner was subject to a potential maximum sentence of 20 years. 21 U.S.C. § 841(b)(1)(C).   Even under a four-level reduction for a minimal role as requested by Defendant–Petitioner in his Motion, the Guidelines range would be between 37-46 months.   Therefore, his actual sentence of 36 months was below both the statutory maximum and the Guidelines range under even the most generous reduction requested by Defendant–Petitioner.[4]   Accordingly, his sentence does not constitute an unlawful interpretation of the guidelines.

In short, Defendant–Petitioner's motion is (1) time-barred, (2) not authorized by either Sections 2255 or 3852(c), and (3) meritless. Accordingly, Defendant–Petitioner's Section 2255 motion is denied with prejudice.

### C.   Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a Certificate of Appealability.   See 28 U.S.C. § 2253(c)(1)(B).   A court cannot grant a Certificate of Appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).   This Court has considered

---

[4] The Eighth Circuit further clarified that, "in sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law." *Sun Bear*, 644 F.3d at 706.   It is therefore clear that the Eighth Circuit did not intend the word 'without' in the phrase, "without, or in excess of, statutory authority," to apply to sentences falling below the sentencing guidelines.

whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Fleiger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a Certificate of Appealability.

### III.   ORDER

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant–Petitioner Denio Jon Delcaro's pro se motion pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct his sentence [Doc. No. 75] is **DENIED**; and

2. A Certificate of Appealability is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   June 12, 2017

                                       s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Court Judge